UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| PATRICK O'QUINN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 1:13-cv-14 |
| | ) |
| ALLEN COUNTY SHERIFF KEN FRIES, et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Before the Court is Plaintiff Patrick O'Quinn's motion to amend his complaint seeking to add class action allegations and a claim for injunctive relief.[1] (Docket # 28.) For the following reasons, O'Quinn's motion will be GRANTED in part and DENIED in part.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On January 16, 2013, O'Quinn filed his complaint seeking monetary damages and alleging that the Defendants–individuals employed by the Allen County Jail–deprived him of his right under the Eighth Amendment of the United States Constitution to be free from cruel and unusual punishment when they denied him access to recreational facilities, exercise, and fresh air while incarcerated at the Jail. (Docket # 1.)

O'Quinn was transferred from the Jail five months later on June 24, 2013. (Docket # 22.)

On November 5, 2013, O'Quinn filed the instant motion seeking to amend his complaint to add a class action claim for damages and an individual and class action claim for injunctive

---

[1]O'Quinn initially also moved to add Jemorris Sewell, another former inmate at the Allen County Jail, as co-class representative. In O'Quinn's supplemental reply brief, however, he states, without elaboration, that "Sewell is not a proper co-class represenative." (Docket # 41.) Accordingly, since O'Quinn concedes the point, Sewell will not be added as class co-representative.

relief. The proposed class consists of individuals that were purportedly denied adequate access to recreational facilities, exercise, and fresh air while incarcerated at the Jail from January 16, 2011, to the present. (Proposed Am. Compl. ¶ 1.) The motion also seeks to add a claim for injunctive relief; asking Defendants to implement a constitutionally adequate policy, practice, and custom concerning the inmates' right to receive adequate access to recreational facilities, fresh air, and exercise. (Proposed Am. Compl. ¶ 10.) Although O'Quinn is no longer incarcerated at the Jail–thus seemingly rendering his claim for injunctive relief moot–he argues that he has standing, individually and as a class representative, because his injury is "capable of repetition yet evading review," and therefore falls outside the mootness doctrine. (Pl.'s Mot. to Am. Compl. ¶ 5 (quoting *Walsh v. U.S. Dep't of Veteran Affairs*, 400 F.3d 535, 537 (7th Cir. 2005))).

In response, Defendants argue that O'Quinn's claim is indeed moot, and because the "capable of repetition yet evading review" exception is inapplicable, he cannot serve as an adequate class representative. (Dfts.' Resp. to Pl.'s Mot. to Am. Compl. ("Dfts.' Resp.") ¶¶ 4-12.)

After receiving O'Quinn's reply (in which he summarily claims that Defendants' arguments are premature and should be reserved for the motion to certify), the Court ordered additional briefing on the applicability of *Sosna v. Iowa*, 419 U.S. 393 (1975), and its progeny. (Docket # 33.)

In response to the Court's Order, O'Quinn filed a motion for class certification–not the supplemental brief the Court ordered him to submit–repeating back to the Court the cases he was directed to discuss. (Docket # 36.) Accordingly, the Court deems O'Quinn's motion to certify

2

as effectively serving as his supplemental opening brief.

In their supplemental response brief, Defendants contend that the exceptions to the mootness doctrine in class action cases seeking injunctive relief are inapplicable. (Docket # 38.) Soon thereafter, Defendants moved to strike or stay O'Quinn's motion to certify (Docket # 39), which the Court granted, staying briefing on the motion to certify until the instant motion was ruled on (Docket # 40).

## II. ANALYSIS

### A. *O'Quinn Can Amend His Complaint to Add Class Action Allegations*

"Leave to amend should be 'freely given' if 'the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief.'" *J.P. Morgan Chase Bank, N.A. v. Drywall Serv. & Supply Co.*, 265 F.R.D. 341, 346 (N.D. Ind. 2010) (quoting *Forman v. Davis*, 371 U.S. 178, 182 (1962)). Courts may deny leave to amend if there has been "undue delay, bad faith[,] or dilatory motive[,] . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 792 (7th Cir. 2004) (alterations in original and quotation omitted). Further, Federal Rule of Civil Procedure 15(c)(1)(B) allows pleadings to relate back to the date the original pleading was filed if "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out . . . in the original pleading."

In pleading a class action claim, the plaintiff must allege facts sufficient to establish the Rule 23(a) prerequisites of numerosity, commonality, typicality, and adequate representation. *Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998); *Henderson v. Nat'l R.R. Passenger Corp.*, 117 F.R.D. 620, 622 (N.D. Ill. 1987). Additionally, "the action must qualify under one of the

types of class actions listed in Rule 23(b)." *Sjoblom v. Charter Commc'ns LLC*, No. 3:07-cv-451, 2007 WL 4560541, at *6 (W.D. Wis. Dec. 19, 2007). "These prerequisites must be alleged in the complaint at the time of filing and must be established before the court can certify a class under Rule 23(c)." *Id.*; *see Ladik v. Wal-Mart Stores, Inc.*, 291 F.R.D. 263, 266 (W.D. Wis. 2013); 7B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1798 (3d ed. 2005) ("for an action to go forward under Rule 23, the pleader must set forth sufficient allegations to show that the four requirements set forth in subdivision (a) are satisfied and that the action falls within one of the three categories described in subdivision (b)").

Defendants contend that O'Quinn's proposed amended complaint is inadequate because it "makes no attempt to describe or explain how this case satisfies the requirements of Rule 23(a) and (b)." (Dfts.' Resp. ¶ 3.) This argument is easily rejected. Under the federal notice-pleading standards, the allegation must simply provide Defendants with "fair notice of what plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

O'Quinn's proposed amended complaint alleges–albeit in summary fashion–that there are common questions of law or fact for the entire class, his claims are representative of those of the class, the class is so numerous that joinder of all putative class members would be impracticable, that he will fairly and adequately protect the interests of the class, and that any of the three Rule 23(b) requirements for maintaining a class action are satisfied.[2] (Proposed Am. Compl. ¶ 10.)

---

[2]Rule 23(b)(2) states that a class action may be maintained if "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." In order to proceed under Rule 23(b)(2), O'Quinn must have standing to pursue the claim for injunctive relief on behalf of the class. *Arreola v. Godinez*, 546 F.3d 788, 794-95 (7th Cir. 2008). As discussed *infra,* because O'Quinn does not have standing to pursue an injunctive relief claim, he cannot proceed under Rule 23(b)(2). Because, however, O'Quinn has alternatively pled that the class can be

Although O'Quinn's Rule 23(a) and (b) allegations are sparse, "that is all that is required." *Arreola*, 546 F.3d at 796. Requiring O'Quinn to "describe or explain" the Rule 23 requirements "moves from an argument about the pleadings to a question of the merits," and asks for more than what O'Quinn is required to provide at this juncture. *Id.*; *Talley v. Leo J. Shapiro & Assocs., Inc.*, 713 F. Supp. 254, 257 (N.D. Ill. 1989) (finding plaintiff's class allegations sufficient because "the lawsuit is in its infancy and no discovery has been conducted . . . [and because] allegations in the complaint do not contain extensive factual detail").

Additionally, it is apparent–and uncontested by Defendants–that the proposed amended complaint relates back as it asserts claims arising out of the same "conduct, transaction, or occurrence set out . . . in the original complaint." Fed. R. Civ. P. 15(c)(1)(B). Both complaints allege that Defendants violated the inmates' Eighth Amendment right to be free from cruel and unusual punishment by denying them adequate access to recreational facilities, exercise, and fresh air while incarcerated at the Jail. *See Arreola*, 546 F.3d at 796 (finding plaintiff's amended complaint adding class action allegations related back because both complaints challenged the same policies). Accordingly, O'Quinn can amend his complaint to add class action allegations.

### B. O'Quinn Cannot Act as Class Champion on a Claim for Injunctive Relief Because His Claim is Moot

In his supplemental brief, O'Quinn concludes–without analysis of relevant caselaw–that both the "capable of repetition yet evading review" doctrine and the "inherently transitory" doctrine are applicable to the instant case, and he is therefore subject to an exception to the mootness doctrine. (Pl.'s Mot. and Br. in Supp. of Class Certification ¶¶ 2, 6.) O'Quinn's

---

maintained under Rule 23(b)(1) and (3), his lack of standing to pursue a claim for injunctive relief does not destroy his class action claim.

conclusion is misplaced and without legal support.

Mootness, "a subset of the standing doctrine," requires that the personal interest which "must exist at the commencement of the litigation (standing) must continue through its existence (mootness)." *Laskowski v. Spellings*, 546 F.3d 822, 824 (7th Cir. 2008) (quotation omitted). A claim is moot and must be dismissed for lack of jurisdiction when "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 626 (7th Cir. 2007) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)).

Two exceptions to the mootness doctrine arise in the class action context: (1) where the complained of conduct is "capable of repetition yet evading review," and (2) where the claim is "inherently transitory." *Olson v. Brown*, 594 F.3d 577, 583 (7th Cir. 2010); *see also* 1B Martin A. Schwartz, *Section 1983 Litigation Claims and Defenses* § 15.06 (4th ed. 2013). The capable of repetition yet evading review exception applies when "(1) the challenged action [is] in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subjected to the same action again." *Eichwedel v. Curry*, 700 F.3d 275, 279 (7th Cir. 2012) (quoting *Turner v. Rogers*, --- U.S. ----, 131 S.Ct. 2507, 2515 (2011)) (alterations in original).

The capable of repetition yet evading review doctrine is inapplicable here because O'Quinn has not–and cannot– demonstrate there is a "reasonable expectation" or "demonstrated probability" that he will again be subjected to the same alleged constitutional deprivations. *Eichwedel*, 700 F.3d at 281. For O'Quinn to find himself subjected to the same alleged constitutional deprivations, "several interdependent contingencies," each "entirely speculative in

6

nature," must first occur. *Id.* O'Quinn would have to (1) be released from the Federal Bureau of Prisons where he is currently imprisoned, (2) be arrested on new charges and detained at the Jail, and (3) be subjected to the same constitutional deprivation alleged in the instant complaint. *Id.* "The possibility of such a situation occurring is, to put it mildly, speculative and therefore far from the 'reasonable expectation' required by the prevailing test." *Id.*; *see Protestant Mem'l Med. Ctr. v. Maram*, 471 F.3d 724, 731-32 (7th Cir. 2006) (finding no reasonable expectation situation would reoccur where plaintiff "'fail[ed] to demonstrate that it necessarily will be subjected . . . to precisely the same treatment' that it received in the earlier controversy") (quoting *Worldwide Street Preachers' Fellowship v. Peterson*, 388 F.3d 555, 559 (7th Cir. 2004)); *Feit v. Ward*, 886 F.2d 848, 858 (7th Cir. 1989) (holding that "pure speculation" on reoccurrence of injury is not sufficient to demonstrate a reasonable expectation).

Turning to the inherently transitory doctrine, the claimant must satisfy three elements to be entitled to this exception: "(1) the named plaintiffs have filed a motion for class certification, (2) their claims are not certain to remain live long enough for class certification to be granted, and (3) there will be a 'constant class of persons suffering the deprivation complained of in the complaint.'" *Murdock v. Walker*, No. 08 CV 1142, 2010 WL 3168341, at *1 (N.D. Ill. Aug. 6, 2010) (quoting *Olson*, 594 F.3d at 582).

O'Quinn fails to qualify under the inherently transitory exception because he was transferred from the Jail on June 24, 2013, but did not file his motion for class certification until more than a half year later, on December 27, 2013. *See Trotter v. Klincar*, 748 F.2d 1177, 1184-85 (7th Cir. 1984) (inherently transitory exception inapplicable because the claimant knew his claim would soon become moot, and did not file for certification while his claim was live); *see*

7

*also Banks v. NCAA*, 977 F.2d 1081, 1086 (7th Cir. 1992) (finding inherently transitory exception inapplicable where claimant knew his claim would be live for 120 days and waited 112 days to file his complaint).

Although O'Quinn could not predict when he would be transferred from the Jail–and thus when his claim would become moot–the inherently transitory exception has never been applied where there has been an unexplained six-month delay between the time a claim becomes moot and the time the claimant first files his motion to certify. *See Robinson v. Leahy*, 73 F.R.D. 109, 111-14 (N.D. Ill. 1997) (finding claimant's claim moot where he had been discharged from custody two months prior to filing motion for class certification); *compare Murdock*, 2010 WL 3168341, at *2 (finding inherently transitory doctrine inapplicable because claimants "failed to file a motion for class certification before each of their individual claims became moot"), *with Richardson v. Monroe Cnty. Sheriff*, 1:08CV0174, 2008 WL 3084766, at *3 (S.D. Ind. Aug. 4, 2008) (finding inherently transitory doctrine applicable because claimant's claim was live at the time he filed his motion to certify), *and Kress v. CCA of Tenn., LLC*, 272 F.R.D. 222 (2010) (same).

Moreover, O'Quinn's individual claim for injunctive relief is also moot as he is no longer incarcerated at the Jail and has made no showing that he is likely to return. *Beiler v. Jay Cnty. Sheriff's Office*, No. 1:11-CV-380, 2012 WL 2880563, at *10 (N.D. Ind. July 13, 2012) ("If a prisoner is released or transferred to another facility, his request for injunctive relief against officials of the first facility is moot unless 'he can demonstrate that he is likely to' return to the facility.") (quoting *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996)); *Roy v. Dominguez*, No. 2:09 CV 239, 2012 WL 279485, at *2 (N.D. Ind. Jan. 31, 2012) (same). This circumstance

8

also renders O'Quinn an inadequate representative for the proposed injunctive relief class, which is yet another reason to deny his motion to amend for injunctive relief. *Arreola*, 546 F.3d at 799.

### III. CONCLUSION

For the foregoing reasons, O'Quinn's Motion to Amend Complaint (Docket # 28) is GRANTED in part and DENIED in part. O'Quinn is granted leave to amend his complaint to add class action allegations seeking damages, but not for injunctive relief.

SO ORDERED.

Enter for this 27th day of January 2014.

/s/ Roger B. Cosbey
Roger B. Cosbey
United States Magistrate Judge